UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-90 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| JEFFREY LYNN MATHIS, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the defendant's Motion for Disclosure of Exculpatory Evidence [Doc. 19], Motion for Leave to File Further Motions [Doc. 20], Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 21], Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [Doc. 22], and Motion for Bill of Particulars.[1] [Doc. 24] The Court will address each motion in turn.

**I.     Motion for Disclosure of Exculpatory Evidence [Doc. 19]**

The defendant moves the Court to compel the government to disclose in advance of trial any exculpatory evidence as to this case, including any evidence governed by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. The government opposes the motion.

---

[1] Also pending are the defendant's two motions to suppress. [Docs. 30, 32] The Court has taken those motions under advisement and will issue a Report and Recommendation as to their resolution in due course.

In addressing this issue, the Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence includes evidence tending to impeach a government witness, including plea agreements and promises of immunity. See Giglio v. United States, 405 U.S. 150, 154-55 (1972). In the present case, the Court's Order on Discovery and Scheduling [Doc. 13 at ¶ E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that the defendant's request is covered by the Order. Furthermore, the government has acknowledged its continuing duty to disclose exculpatory evidence as well as the Giglio material the defendant seeks. Accordingly, because the disclosure of impeaching evidence is already covered by the Court's Order on Discovery and Scheduling, the defendant's Motion for Disclosure of Exculpatory Evidence **[Doc. 19]** is hereby **DENIED**.

## II.     Motion for Leave to File Further Motions [Doc. 20]

The defendant next seeks leave of the Court to file additional motions based on the possibility that such motions might be necessary depending on the resolution of the defendant's other pending motions. The government opposes the motion.

The Court notes that the defendant's motion does not address any specific motions that the defendant might need to file, but instead seeks an open ended extension. The Court will not grant such a request. If the defendant determines that it is necessary to file an additional motion, the

2

Case 3:08-cr-00090-TAV-HBG   Document 43   Filed 03/26/09   Page 2 of 7   PageID #: 154

defendant may seek leave of the Court at that time to do so, setting forth the basis of the proposed motion and justification for filing it after the motion deadline. Accordingly, the defendant's Motion for Leave to File Further Motions **[Doc. 20]** is hereby **DENIED**.

### III. Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 21]

The defendant next moves the Court to Order the government to produce, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, any evidence it intends to use in its case-in-chief at trial that is arguably subject to suppression. The government opposes the defendant's motion.

Rule 12(b)(4)(B) requires the government upon request of the defendant to give notice to the defendant of the government's intent to use certain evidence at trial. By its own terms, the rule is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is neither designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. In this case, the defendant has already filed two suppression motions. [Docs. 30, 32] Thus, here, as in Lanier, it appears that "the defendant's Rule 12[(b)(4)(B)] motion was filed as a means of obtaining more specific discovery

3

than that afforded by Rule 16." 578 F.2d at 1254. Accordingly, the defendant's Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) **[Doc. 21]** is hereby **DENIED**.

### IV. Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [Doc. 22]

The defendant next moves the Court to require the government to provide notice in advance of trial of its intent to use any evidence of other crimes, wrongs, or acts of the defendant, as contemplated by Rule 404(b) of the Federal Rules of Evidence. The government opposes the motion, arguing that it will comply with the Court's Order on Discovery and Scheduling [Doc. 13], which orders that notice be given seven days before trial.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 13 at ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The defendant has stated no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling.

With regard to the type of information the government must provide in its 404(b) notice, the Sixth Circuit has held that the "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

4

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Guided by the case law and the Advisory Committee Notes to the rule, the Court finds that the defendant is not entitled to the level of detail in the notice that he is requesting in his motion. Instead, the government is simply ordered to give notice of the general nature of any 404(b) evidence it intends to introduce at trial. If the defendant believes that the government is not entitled to introduce the evidence of which it gives notice, he may file a motion in limine seeking its exclusion. The government's response to such motion will inform the defendant of the theory or element which the government believes provides the basis for the evidence's admissibility under Rule 404(b). Thus, the Court finds that a general notice would not prevent the defendant from preparing to exclude the 404(b) evidence.

Accordingly, the defendant's Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial **[Doc. 22]** is hereby **DENIED**.

5

## V.     Motion for Bill of Particulars [Doc. 24]

The defendant next moves the Court to require the government to produce a bill of particulars describing: the precise location of the acts at issue; the name of every person other than the defendant involved in each act; the precise amount of cocaine base associated with each act; and the relationship between the defendant and each person identified as being involved in the acts. The government opposes the motion.

In describing the scope of a bill of particulars, the Sixth Circuit has held that

> [t]he purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial", nor as a means of gaining insight into the government's legal theories. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).

After a review of the Indictment [Doc. 3], the Court finds that the Indictment provides sufficient details to the defendant to allow him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense. Birmley, 529 F.2d at 108. Accordingly, the defendant's Motion for Bill of Particulars **[Doc. 24]** is hereby **DENIED**.

**VI.    Summary**

For the reasons set forth more fully above, the defendant's Motion for Disclosure of Exculpatory Evidence **[Doc. 19]**, Motion for Leave to File Further Motions **[Doc. 20]**, Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) **[Doc. 21]**, Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial **[Doc. 22]**, and Motion for Bill of Particulars **[Doc. 24]** are hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton    
United States Magistrate Judge