UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-90 |
| | ) | (VARLAN/GUYTON) |
| JEFFREY LYNN MATHIS, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge H. Bruce Guyton on April 16, 2009 [Doc. 47] and on the United States' Motion for Appeal and Reconsideration of the Magistrate's Report and Recommendation and to Reopen the Suppression Hearing or in the Alternative for *De Novo* Review by the District Court and Request for Hearing [Doc. 48]. The R&R recommends that defendant's Motion to Suppress Evidence Under the Fourth Amendment of the United States Constitution [Doc. 30] be granted and that defendant's Motion to Suppress Evidence Under the Fifth Amendment of the United States Constitution [Doc. 32] be denied. The government's motion requests that the suppression hearing be reopened or in the alternative for *de novo* review and hearing by the district court in order to permit the United States to present evidence in support of a legal basis for seizure of the controlled substances in defendant's vehicle. [*See* Doc. 48.] The defendant filed a response in opposition to the government's motion. [Doc. 49.]

The Court has carefully considered the record in this case and the relevant law and for the reasons discussed below, the Court will deny the government's motion to reopen, grant defendant's Motion to Suppress Evidence Under the Fourth Amendment of the United States Constitution [Doc. 30], and deny Defendant's Motion to Suppress Evidence Under the Fifth Amendment of the United States Constitution [Doc. 32].

**I.     Analysis**

    **A.     United States' Motion for Appeal and Reconsideration of the Magistrate's Report and Recommendation and to Reopen the Suppression Hearing or in the Alternative for De Novo Review by the District Court and Request for Hearing [Doc. 48]**

Magistrate Judge Guyton found that the government did not show that there was any legal basis to support the warrantless search of defendant's vehicle, which he parked in the driveway on unoccupied private property. The government wishes to have the suppression hearing reopened or have the district court hold a *de novo* hearing to allow it to present evidence that even if the defendant's vehicle had not been searched in the driveway, it would have been seized by the Knoxville Police Department in accordance with its standard policies, impounded, and subject to an inventory search. [Doc. 48 at 2.] The government argues that this evidence would show that discovery of the drug was inevitable, and therefore, should not be excluded. *See Nix v. Williams*, 467 U.S. 431 (1984) (otherwise improperly seized evidence may nevertheless be admitted into evidence if it would have inevitably discovered by proper means).

2

Defendant objects to the government's request to be allowed to introduce additional evidence arguing that it previously had the opportunity to present this testimony and argue that discovery was inevitable but it failed to do so. Defendant contends that, "What the government asks the Court to do by reopening the suppression hearing is allow the government to wait and see what how [sic] the Magistrate Judge will rule, then allow the government another 'bite at the apple.'" [Doc. 49 at 3.]

Citing *United States v. Jenkins*, 728 F.2d 396 (6th Cir. 1984), the government notes that "this Court may properly reopen a suppression hearing to allow the government to present evidence or testimony it had previously not provided which may pertain to the seizure of evidence." [Doc. 48.] While the government is correct that the court has the discretion to reopen a hearing, "courts should be extremely reluctant to grant reopenings." *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004) (citations omitted). The party requesting reopening must explain its failure to present the evidence initially. *See Carter*, 374 F.3d at 406. Generally, absent any new evidence or evidence that was unobtainable before the original suppression hearing, or any new issues that became relevant since the hearing, the reopening of a suppression hearing is unwarranted. *See United States v. Watson*, 391 F.Supp.2d 89, 94-95 (D.D.C. 2005).

The government has not explained its failure to present the testimony of Officer Baldwin regarding police policies for the seizure and disposition of vehicles prior to the entry of the R&R. The only policies that would be relevant to defendant's case would be the

3

policies in effect at the time of the seizure of his vehicle and, thus, testimony on these policies was certainly obtainable through Officer Baldwin or another witness before the original suppression hearing. Additionally, the Court does not find that the theory of inevitable discovery is a new issue that became relevant since the hearing. Despite the government's arguments that defendant only made generalized arguments as to the validity of the search, this does not suggest that inevitable discovery was a new issue because it is the government's burden to show inevitable discovery of evidence obtained by unlawful means if that is its reason for arguing the evidence should not be suppressed. *See Nix v. Williams*, 467 U.S. at 444 and n.5. For all of these reasons, the Court will deny the government's motion to reopen the suppression hearing or for a *de novo* hearing before the district court.

      B.      **Report and Recommendation [Doc. 47]**

Beyond the request to reopen the suppression hearing or for a *de novo* hearing before the district court, the Court does not find that the government made any specific objection to the R&R in its Motion for Appeal and Reconsideration of the Magistrate's Report and Recommendation and to Reopen the Suppression Hearing or in the Alternative for De Novo Review by the District Court and Request for Hearing [Doc. 48]. Additionally, no objections have been filed by either party in any other document. Enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51.

4

**II.     Conclusion**

For the reasons stated herein, the United States' Motion for Appeal and Reconsideration of the Magistrate's Report and Recommendation and to Reopen the Suppression Hearing or in the Alternative for *De Novo* Review by the District Court and Request for Hearing [Doc. 48] is hereby **DENIED**.  Additionally, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling.  The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc.47] and defendant's Motion to Suppress Evidence Under the Fourth Amendment of the United States Constitution [Doc. 30] is hereby **GRANTED** and Defendant's Motion to Suppress Evidence Under the Fifth Amendment of the United States Constitution [Doc. 32] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5

Case 3:08-cr-00090-TAV-HBG   Document 57   Filed 08/31/09   Page 5 of 5   PageID #: 215